TECHNICAL TAPE CORP. *v.* THE UNITED STATES No. 5285)*

---

*C.A.D. 931.

United States Court of Customs and Patent Appeals,
February 15, 1968

*Sharretts, Paley, Carter & Blauvelt, Eugene F. Blauvelt (Donald W. Paley, Gail T. Cumins, of counsel)* for appellant.

*Edwin L. Weisl, Jr.,* Assistant Attorney General, *Andrew P. Vance,* Chief, Customs Section, *Arthur E. Schwimmer* for the United States.

[Oral argument January 2, 1968 by Mr. Blauvelt and Mr. Schwimmer]

Before WORLEY, Chief Judge, RICH, SMITH and ALMOND, Associate Judges

ALMOND, Judge, delivered the opinion of the court:

Technical Tape Corp., importer, appeals from the judgment of the Customs Court, Second Division,[1] overruling a protest against the collector's classification of certain polyvinyl chloride film known as creped Genotherm, a material assertedly used as a release liner in the manufacture of rolls of double-sided pressure-sensitive tape.

The merchandise was classified as a manufacture wholly or in chief value of cotton, not specially provided for, under paragraph 923 of the Tariff Act of 1930, as modified by T.D. 53865 and T.D. 53877, by virtue of the similitude provisions of paragraph 1559 of said Act, as amended by the Customs Simplification Act of 1954, with duty assessed at 20% ad valorem.

Appellant contends that the merchandise is properly classifiable by similitude to crepe paper under paragraph 1404, with duty at 2.5 cents per pound and 6½% ad valorem; or by similitude to filled or coated cotton cloths, not specially provided for, under paragraph 907, with duty at 10% ad valorem; or as a non-enumerated manufactured article under paragraph 1558 with duty at 10% ad valorem.

The statutes involved are, in pertinent part, as follows:

Paragraph 923:

All manufactures, wholly or in chief value of cotton, not specially provided for:

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|

Other (* * *)_____ 20% ad val.

Paragraph 1559(a):

Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any non-enumerated article equally resembles in that particular two or more enumerated articles, on which different rates of duty are chargeable, it shall be

---

[1] 58 Cust. Ct. 37, **C.D. 2877.**

subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

Paragraph 1404, Tariff Act of 1930, as modified by T.D. 54108:

Crepe paper, commonly or commercially so known including paper creped or partly creped in any manner, valued over 12½ cents per pound_____ 2.5¢ per lb. and 6½% ad val.

Paragraph 907, Tariff Act of 1930, as modified by T.D. 52739:

Filled or coated cotton cloths not specially provided for_____ 10% ad val.

Paragraph 1558, Tariff Act of 1930, as modified by T.D. 52739 and T.D. 52827:

Articles manufactured, in whole or in part, not specially provided for (except * * *) _____ 10% ad val.

At the outset, it is noted that the court below summarily overruled two claims originally asserted by plaintiff (appellant) treating them as, in effect, abandoned by appellant, observing that they "were not vigorously pressed either at trial or in the briefs of counsel * * *." One of these claims asserted that the merchandise in issue was classifiable by similitude to coated and filled cotton cloth under paragraphs 907 and 1559(a). The other claim so overruled is not now relied upon by appellant.

Appellant assigns error in the court's overruling of these claims on the grounds stated. It asserts that one-third of its brief was in fact directed to argument that creped Genotherm was similar in use to coated cotton cloth, and it further asserts that evidence adduced by cross-examination of the appellee's witnesses supports its claim.

We agree with appellant that the court below was in error in overruling its claims on the grounds stated. ■ Where a litigant fairly presents a claim, and evidence is presented in support thereof, it is incumbent upon the court to decide the merits of the claim in view of the evidence produced in the case. *United States* v. *Western Electric Co.*, 26 Cust. Ct. 531 (1951). Overruling such a claim summarily because, in the court's view, it is not sufficiently "vigorously pressed" is a denial of the right of a litigant to have evidence in his behalf considered by the court in making its findings.

We move, therefore, to a consideration of the evidence presented and the question of whether appellant sustained its dual burden of proving the classification of the collector incorrect and its own classification to be proper.

The first issue presented is the correctness of the collector's classification of the material by similitude to a manufacture of cotton under paragraph 923. Appellant attacked this classification in the court

below by presenting evidence that the material in question is not similar in use to uncoated cotton material.[2] This evidence consisted of testimony by Mr. Lulla, who had been employed by the plaintiff-corporation since 1951 as research chemist, plant manager, research director, and finally vice-president in charge of research. Mr. Lulla testified in substance that he was familiar with the use of creped Genotherm as a release liner for double-sided pressure-sensitive tape and that the principal function of such release liner is to prevent the adhesion of adjacent layers of adhesive when the tape is wound upon a roll; that, within his knowledge and personal experience, no cotton article has been used for the same purpose as creped Genotherm; that cotton material would not make suitable release material for double-sided pressure-sensitive tapes for several reasons, namely, that the adhesive would tend to flow through the pores of the cotton, the cotton would unravel on unwinding rendering the adhesive less tacky, and finally, the porosity of the cotton would cause a gradual degradation of the tape's adhesive properties.

The witness further testified that he performed several tests comparing a double-sided pressure-sensitive tape employing Genotherm as a release liner with an identical tape utilizing plain cotton as a release liner. According to Mr. Lulla, the results of these tests support the conclusion that use of the Genotherm liner is conducive to a better performance for the double-sided pressure-sensitive tape.

Mr. Lulla also testified that he was not familiar with any plain cotton article that was used as a release liner in the pressure-sensitive tape industry at the time of importation. Generally corroborative testimony was presented by appellee's witness Dr. Weidner, an employee of Johnson & Johnson Corp., a manufacturer of double-sided pressure-sensitive tapes. Dr. Weidner testified that in his opinion unsized cotton would not make a completely satisfactory interliner, and that to the best of his knowledge, his company never used an unsized cotton for this purpose.

Appellant also introduced testimony by Mr. Greenfield, sales representative for the manufacturer of Genotherm, to the effect that appellant-corporation purchased about 98% of the Genotherm imported into the United States.

Appellee takes the position that this evidence falls short of proving appellant's case. First, appellee argues that it fails to prove that there is not some other polyvinyl chloride film of the same general class as creped Genotherm which is used in a manner most similar to some cotton article classifiable under paragraph 923. Second, appellee argues that the evidence fails to establish that no cotton article clas-

---

[2] Coated or filled cotton cloth is not covered by paragraph 923, being specifically provided for in paragraph 907.

sifiable under paragraph 923 was used as a release liner at the time of importation.

It seems to us that the tests proposed by appellee would require that an importer challenging the collector's classification undertake the task of proving a negative. In effect, this would make the presumption of correctness of the collector's classification all but conclusive. We find nothing in the statutes or in the judicial decisions requiring such a result ▮▮▮ The burden required of an importer seeking to overcome the presumption of correctness of the decision of the collector is to prove by a preponderance of the evidence that the collector's classification is incorrect, and that his sought classification is correct. He is not required to prove his case to a moral certainty or beyond a reasonable doubt. *United States* v. *Edison Keith*, 5 Ct. Cust. App. 82, 26 Treas. Dec. 143; *A. Millner Co.* v. *United States*, 46 CCPA 97, C.A.D. 706. The preponderance of evidence presented in this case is clearly to the effect that creped Genotherm and cotton articles classified under paragraph 923 are not similar in use, and the collector was therefore in error.

Having thus overcome the presumption of correctness of the collector's classification, it remains for the importer to prove the correctness of the classification for which it contends. Appellant argues that its merchandise is equally similar in use to both creped paper and to coated cloth. The evidence on this point consisted of testimony by Mr. Lulla that coated or treated crepe paper is used as a release liner for double-sided pressure-sensitive tape. Appellee's witness, Dr. Weidner, vertified this, as well as asserting that crinoline cloth had been used by his company in this application, and stated that this cloth was sized with a release material. Appellee's witness, Mr. Heer, also testified to the use of coated holland cloth and treated papers as release agents, although his testimony appeared to relate to single-sided pressure-sensitive tape.

In view of this uncontroverted evidence, we feel that appellant has carried its burden of providing by a preponderance of the evidence that its imported material is similar in use to either creped paper or coated cloth, and should be classified by similitude with one of these two items.

The latter portion of paragraph 1559 provides that:

* * * if any non-enumerated article equally resembles in that particular [similarity of use] two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

It is appellant's view that resemblance of the physical characteristics of the materials is intended by this section. Thus, since the

Genotherm clearly more resembles crepe paper than it does cotton cloth, the imported material must be classified with crepe paper.

Appellee, on the other hand, argues that the resemblance test requires consideration of the origin and characteristics of the material, points on which appellant has presented no evidence.

▮ We believe that determining which article an imported material resembles "in respect of the materials of which it is composed" requires consideration of all the relevant factors such as chemical composition, physical attributes, and origin of the material.

In the case before us, the decision is not difficult in this respect. Since Genotherm polyvinyl chloride film is a synthetic organic material, while paper and cotton are cellulosic materials of natural origins, it is clear that Genotherm is no more similar to one than to the other in regard to its origin and chemistry. When we consider the physical characteristics of the samples, however, Genotherm clearly more resembles creped paper than cloth.

We do not accept appellee's contention that samples cannot be used to establish or refute similitude of materials. ▮Samples are often the most persuasive evidence of similitude before the court. *Albert F. Maurer Co.* v. *United States*, 51 CCPA 114, C.A.D. 845.

The judgment below is *reversed*.

WORLEY, C.J., concurs in the result.